IN RE PETITION OF GEORGE B. SWAIN ET AL., RELATING TO THE ELECTION OF THE MAYOR OF THE CITY OF NEWARK.

In section 52 of the supplement to the act to regulate elections, approved May 28th, 1890 (*Pamph. L., p.* 361), the terms "election district" and "voting precinct" are synonymous, and denote the territory within which there is a single polling place for all the resident voters.

---

On petition. On question certified from the Essex Circuit.

Argued at November Term, 1891, before Justices DIXON and REED.

For the petitioners, *John R. Emery* and *Carl Lentz.*

Contra, *Allan L. McDermott* and *Frederic W. Stevens.*

The opinion of the court was delivered by

DIXON, J. At an election held in the city of Newark on October 13th, 1891, Joseph E. Haynes received, according to the returns of the election officers, a plurality of the votes

cast for the office of mayor of the city, and was declared to be elected. Within twenty days thereafter a petition was presented to the justice of the Supreme Court holding the Circuit Court in and for the county of Essex, which petition was signed by twenty-five legal voters resident in the city, praying, for reasons therein set forth, that the said election for mayor be declared illegal and invalid, and be wholly set aside. This petition is based upon, and can be supported only by, the fifty-second section of the supplement to "An act to regulate elections," which was approved May 28th, 1890. *Pamph. L., p.* 361. The section just mentioned provides " that whenever, within twenty days next succeeding any election, in any election district or voting precinct, in any county of this state, a petition    *    *    *    shall be presented, *    *    *    signed by at least twenty-five voters resident in said election district or voting precinct," then, certain matters being made to appear, " it shall be the duty of said justice to make an order setting aside and nullifying said election, *    *    *    he shall also    *    *    *    order a new election, to be held within such election district or voting precinct."

A motion having been made before said justice, on behalf of Mr. Haynes, that the petition be dismissed for want of conformity with this statute, the justice referred the motion to the Supreme Court for its advisory opinion.

The petition is framed upon the idea that, for the purpose of electing city officers, the city of Newark, comprising many voting precincts, yet constitutes but a single " election district," within the meaning of this law.

An examination of the election laws of this state will demonstrate the falsity of that notion, and will show that " election district " and " voting precinct " are synonymous terms.

Prior to 1871 provision had been made for dividing the wards of several cities in the state for greater convenience in the holding of elections, and by the Registration act of that year (*Pamph. L., p.* 53) each of these subdivisions is called an " election district." The same designation is employed in

the "Act to regulate elections," approved April 18th, 1876 (*Rev., p.* 337), by which all wards and townships containing more than six hundred voters are required to be divided into "election districts," so as not to contain more than six hundred voters in each district. Throughout that act the name "election district" is used, and in its section 179 is declared to include "election precinct," which had been adopted in some city charters (*e. g.,* that of Jersey City), to denote the same thing. The same form of expression appears in the numerous supplements to that act down to the present time, and always for the purpose of denoting the territory within which there is a single polling place for all the resident voters. In the supplement of 1890, upon which the petitioners rely, it occurs scores of times, being used interchangeably with "election precinct," "voting precinct," "voting district" and "polling district." Its meaning, therefore, in the fifty-second section is unmistakable, for it cannot be believed that the legislature employed it here in a sense different from that which it had elsewhere so uniformly and so frequently expressed.

We conclude, therefore, that under this law the petition must be signed by twenty-five voters resident within a single voting precinct, and must aim at the annulment of the election within that precinct only.

It may be that this interpretation of the statute involves the proceedings in some difficulties which might be obviated were the act capable of the construction for which the petitioners contend; but we cannot, on that account, stretch the law beyond the bounds which the legislature has, we think, indubitably prescribed.

The justice holding the Essex Circuit is advised that the petition should be dismissed.